UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL MERCADO ULLOA, | 1:05-cv-00067-AWI-DLB-P |
| Plaintiff, | **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** (Doc. 10) |
| vs. | **ORDER DISMISSING ACTION** |
| RAYMOND D. ANDREWS, et al., | |
| Defendants. / | |

Plaintiff, Samuel Mercado Ulloa ("plaintiff"), is a prisoner in federal custody proceeding pro se and in forma pauperis in this civil rights action apparently pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On April 1, 2005, the Magistrate Judge concluded that the complaint must be dismissed. The Magistrate Judge gave notice of the pleading deficiencies in the complaint, namely that the complaint's allegations only alleged medical negligence and not deliberate indifference in violation of the Eighth Amendment. The Magistrate Judge then granted Plaintiff leave to filed an amended

1

1  complaint within thirty days.

2       After more than thirty days passed without Plaintiff filing
3  an amended complaint, May 19, 2005, the Magistrate Judge filed
4  Findings and Recommendations herein which were served on
5  plaintiff and which contained notice to plaintiff that any
6  objections to the Findings and Recommendations were to be filed
7  within twenty (20) days.  To date, plaintiff has not filed
8  objections to the Magistrate Judge's Findings and
9  Recommendations.

10      In accordance with the provisions of 28 U.S.C. § 636
11 (b)(1)C), this court has conducted a de novo review of this case.
12  See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454
13 (9th Cir. 1983).  Having reviewed the file, the court adopts the
14 recommendation that the action be dismissed.  No complaint is
15 currently on file in this action, and this case cannot proceed
16 with a complaint on file.  Further, the original complaint was
17 properly dismissed for failure to state a claim upon which the
18 court could grant relief.  See Noll v. Carlson, 809 F. 2d 1446,
19 1448 (9th Cir. 1987) (prisoner must be given notice of
20 deficiencies and opportunity to amend prior to dismissing for
21 failure to state a claim).

22      The court cannot manage its docket if it maintains cases in
23 which a plaintiff fails to keep an operative complaint on file by
24 filing an amended complaint.  The public's interest in the
25 expeditious resolution of litigation weighs heavily in favor of
26 dismissal of such cases so that the court's limited resources may
27 be spent on cases in which the litigant is actually proceeding.
28 Public policy favoring disposition of cases on their merits also

has little or no weight in actions where the plaintiff lacks enough of an interest to file an amended complaint. The public and the court have no interest in determining the truth or falsity of the allegations that Plaintiff might raise in an amended complaint if Plaintiff never files an amended complaint. The availability of less drastic sanctions has been considered, but given that no complaint is on file, the court has no effective sanction but to close the case.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed May 19, 2005, are ADOPTED IN FULL; and,

2. This action is DISMISSED for plaintiff's failure to obey the court's order of April 1, 2005, and for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:   August 22, 2005**            **/s/ Anthony W. Ishii**
0m8i78                          UNITED STATES DISTRICT JUDGE

3